United States District Court
Southern District of Texas
**ENTERED**
August 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARAM RIVERA, FELIPE CASTILLO AND JOSE CASTILLO, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:21-cv-00428 |
| AUTOTRANSPORTES FRONTERIZOS, M.G., S.A DE C.V AND OSIEL ZAVALA CEDILLO, | § § § § | |
| Defendants. | § § | |

## OPINION AND ORDER

The Court now considers "Defendants Autotransportes Fronterizos, M.G., S.A. De C.V. and Osiel Zavala Cedillo's Opposed Motion to Exclude Plaintiffs' Texas Civil Practice & Remedies Code 18.001 Affidavits"[1] and Plaintiff Jose Castillo's unopposed "Motion to Substitute Party."[2] After considering the motions and relevant authorities, the Court **GRANTS** Defendants motion to exclude[3] and **GRANTS** Plaintiff Jose Castillo's motion to substitute party.[4]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a motor vehicle accident dispute.[5] Plaintiff's third amended original state court petition alleges that

> [o]n April 3, 2019, Plaintiff Rivera was driving westbound on State Hwy. 83 in his 2013 grey Nissan Sentra with passenger Felipe Castillo. Defendant Cedillo was operating a white 1993 Freightliner Tandem Truck and was also traveling west, trailing directly behind Plaintiffs. Defendant Cedillo failed to control his speed and

---

[1] Dkt. No. 13.
[2] Dkt. No. 14.
[3] Dkt. No. 13.
[4] Dkt. No. 14.
[5] Dkt. No. 1-4.

crashed into the rear of Plaintiffs' vehicle. At all times herein, Defendant Cedillo was the employee of Defendant Autotransportes. Defendant Autotransportes was the owner of the tractor and trailer operated by Defendant Cedillo. Defendant Cedillo was authorized to operate the tractor and trailer on behalf of Defendant Autotransportes. Plaintiff, Jose Castillo, is the registered owner of the 2013 grey Nissan Sentra.[6]

Plaintiff filed this action in state Court after which Defendants removed to this Court on diversity jurisdiction.[7] Defendants have now filed the instant motion to exclude.[8] Plaintiffs have not filed a response to Defendants' motion to exclude and the time for doing so has now passed, rendering Defendants' motion unopposed by operation of this Court's Local Rule.[9] Plaintiff Jose Castillo has also filed an unopposed motion to substitute party.[10] The Court first turns to the motion to exclude.

## II.  MOTION TO EXCLUDE

Defendants move to exclude Plaintiffs' Texas Civil Practice and Remedies Code § 18.001 affidavits.[11] Defendants would show that

> [o]n February 16, 2022, Plaintiffs served Defendants with affidavits described as follows: (a) Affidavit of Liliana Cortez, Custodian of Records for Evolution Spine and Orthopedics—billing records pertaining to Aram Rivera. (b) Affidavit of Liliana Garcia, Custodian of Records for Open MRI of McAllen—billing records pertaining to Aram Rivera. (c) Affidavit of Fabiola Rodriguez, Custodian of Records for Jon P. Patterson, with Patterson Chiropractic—billing records pertaining to Aram Rivera.[12]

Defendants assert that "Plaintiffs filed the billing affidavits pursuant to § 18.001 of the Texas Civil Practice and it directly collides with federal law, and would thus ask the Court to strike Plaintiffs' § 18.001 affidavits."[13]

---

[6] *Id.* at 2-3.
[7] Dkt. No. 1.
[8] Dkt. No. 13.
[9] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[10] Dkt. No. 14.
[11] Dkt. No. 13.
[12] *Id.* at 1, ¶ 1.
[13] *Id.* at 1-2, ¶ 2.

Section 18.001(b) states:

Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at this time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.[14]

While Defendants are correct that "the Fifth Circuit Court of Appeals held that certain provisions of the Texas Civil Practice & Remedies Code, which are intended to provide a 'speedy process for resolving litigation' are inapplicable in federal court, as they conflict with federal procedural rules,"[15] it has not done so for § 18.001 of the Texas Civil Practice & Remedies Code.

In 2020, this Court joined the emerging consensus of district courts sitting in Texas to hold that § 18.001 does not apply in federal court.[16] However, as this Court then pointed out, almost all the district court cases confronting the potential application of § 18.001 in federal court skip the initial analytical step preceding an *Erie* analysis to assess whether § 18.001 collides with federal rules.[17] Those courts most often found that § 18.001 is purely procedural because the Texas Supreme Court had twice spoken on the issue and ruled that § 18.001 was purely procedural.[18] This Court found that analysis flawed for two reasons: First and foremost because arriving at that conclusion skips the initial analytical step preceding an *Erie* analysis. Second, because even if the issue were to progress past the initial analytical step preceding an *Erie* analysis, "[a] state court's characterization of a rule as 'procedural' does not always decide an *Erie* issue."[19]

---

[14] TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2022).
[15] Dkt. No. 13 at 2-3, ¶ 6.
[16] *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-cv-00299, 2020 WL 4333558, at *4-5 (S.D. Tex. July 28, 2020) (Alvarez, J.) (collecting and assessing cases).
[17] *Id.* at *5.
[18] *Id.*
[19] *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945).

After this Court's prior holding, at least one federal district court disagreed with this Court's holding.[20] That district court based its ruling upon a recent opinion by the Texas Supreme Court that found substantive aspects of the § 18.001 process.[21] In light of this more recent Texas Supreme Court case, this Court reconsiders whether its prior holding on the issue of § 18.001 application in federal court should be reversed. It should not as this Court did not base its finding on any prior holding by the Texas Supreme Court as to whether § 18.001 is substantive or procedural.

Before analyzing the *Erie* doctrine at all, "[t]he initial step is to determine whether, when fairly construed, the scope of [the federal Rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law."[22] A direct collision can occur between state and federal law even when the federal law's "discretionary mode of operation" conflicts with nondiscretionary state law, in which case federal law will apply.[23] In other words, when the federal rules answer a "disputed question differently" than state rules, the federal rule prevails.[24]

As held by the Texas Court of Appeals, "[a]n affidavit filed in compliance with section 18.001 is an exception to the hearsay rule."[25] However, "Rule 802 of the Federal Rules of Evidence prohibits the introduction of hearsay as evidence in federal court unless otherwise provided by a federal statute, the federal rules of evidence, or other rules prescribed by the Supreme

---

[20] *Delarosa v. Great Neck Saw Manufacturers, Inc.*, 565 F. Supp. 3d 832, 839 (E.D. Tex. 2021)(Truncale, J.).
[21] *Id.* (citing *In re Allstate Indem. Co.*, 622 S.W.3d 870 (Tex. 2021)).
[22] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011) (internal quotation marks omitted) (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987)).
[23] *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297 (5th Cir. 2016) (quoting *Burlington N. R.R. Co.*, 480 U.S. at 7–8)).
[24] *Id.*; *cf. Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) ("Because the [Texas statute's] burden-shifting framework imposes additional requirements beyond those found in [federal] Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court.").
[25] *Gunn v. McCoy*, 489 S.W.3d 75, 101 (Tex. App.—Houston [14th Dist.] 2016), *aff'd*, 554 S.W.3d 645 (Tex. 2018).

Court."[26] Because § 18.001 "makes admissible a form of evidence otherwise barred by Federal Rule of Evidence 801 [and 802] and not admissible under any hearsay exception," the Texas statute directly conflicts with the federal rules.[27] Accordingly, the Court holds that § 18.001 directly conflicts with Federal Rules of Evidence 801 and 802, which prevents application of § 18.001 in federal court.

Although this holding is independently a sufficient reason to deny application of § 18.001 in federal court, the Court also holds that § 18.001 conflicts with Federal Rules of Civil Procedure 26(a)(2) and 43(a). Federal Rule of Civil Procedure 43(a) requires a witness's testimony to be taken in open court, not by affidavit, "unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Because an uncontroverted affidavit may be admitted into evidence[28] under § 18.001 and serve as "sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary," § 18.001 conflicts with the rule that testimony must be taken in open court.[29] If a § 18.001 affidavit *is* controverted, then the timelines for service strictly required under the statute[30] conflict with the timelines for disclosure set by Federal Rule of Civil

---

[26] *Ruelas v. W. Truck & Trailer Maint., Inc.*, No. PE:18-CV-00002-DC-DF, 2019 U.S. Dist. LEXIS 230771, at *5 (W.D. Tex. Sep. 5, 2019) (Fannin, M.J.).

[27] *Davila v. Kroger Tex., LP*, No. 3:19-CV-2467-N, 2020 U.S. Dist. LEXIS 82193, at *5 (N.D. Tex. May 8, 2020); *accord Holland v. United States*, 3:14-CV-3780-L, 2016 U.S. Dist. LEXIS 192388, at *2 (N.D. Tex. July 21, 2016) (Lindsay, J.) ("Plaintiff's affidavits [under § 18.001] constitute hearsay pursuant to Federal Rule of Evidence 801 and do not fall under any applicable exception to the hearsay rule.").

[28] *Gunn v. McCoy*, 489 S.W.3d 75, 102 (Tex. App.—Houston [14th Dist.] 2016) ("Where no counteraffidavit is filed, an affidavit presented in accordance with section 18.001 is admissible."), *aff'd*, 554 S.W.3d 645 (Tex. 2018).

[29] *See* FED. R. CIV. P. 46 advisory committee's note to 1937 amendment ("This rule abolishes in patent and trademark actions, the practice under [former] Equity Rule 48 of setting forth in affidavits the testimony in chief of expert witnesses whose testimony is directed to matters of opinion."); advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. . . . The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."); *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992) ("The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses.").

[30] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(e)–(f) (West 2020).

Procedure 26(a)(2).[31] In other words, parties may be subject to a dual track of disclosures in which experts and expert reports must be disclosed under the federal rules on certain timelines before trial,[32] but battling expert affidavits must be disclosed on another timeline,[33] even though the subjects covered by the rules overlap. Furthermore, § 18.001 would directly collide with Federal Rule of Evidence 702 when a § 18.001 affidavit goes to the reasonableness and necessity of medical expenses, because Rule 702 requires expert qualifications and reliable methods to admit evidence on that subject[34] that are not required under § 18.001.

Accordingly, the Court hereby **GRANTS** Defendants motion[35] and excludes affidavits served by Plaintiffs pursuant to §18.001 of the Texas Civil Practice and Remedies Code.

### III. MOTION TO SUBSTITUTE

Plaintiff Jose Castillo moves to be substituted in placed of Plaintiff Felipe G. Castillo who passed away on January 16, 2022.[36] Plaintiff Jose Castillo asserts that "[a]lthough Decedent's spouse survived Decedent, she passed away three days later on January 19, 2022. Felipe G. Castillo is survived by his biological children, Pedro Reymundo Castillo, Maria de Lourdes Rivera, Jose Castillo, Felipe de Jesus Castillo, Lilia Esperanza Castillo, and Juan Ignacio Castillo."[37]

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."

---

[31] *See* FED. R. CIV. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders.").
[32] *See* FED. R. CIV. P. 26(a)(2)(D)(i).
[33] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d)–(e).
[34] *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (requiring district courts to exercise a gatekeeping function for all scientific and expert testimony under Rule 702).
[35] Dkt. No. 13.
[36] Dkt. No. 14.
[37] *Id.* at 1.

In this case, the Court construes the motion to be made by Plaintiff Jose Castillo as personal representative *of the estate* of Felipe G. Castillo as proper plaintiff. In light of the lack of opposition by Defendants, and the propriety of the relief so construed, the Court **GRANTS** the motion and **SUBSTITUTES** Plaintiff Jose Castillo as personal representative of the estate of Felipe G. Castillo as proper plaintiff.

### IV. CONCLUSION AND HOLDING

In light of the foregoing, the Court hereby **GRANTS** Defendants motion to exclude Plaintiffs' Texas Civil Practice & Remedies Code 18.001 Affidavits.[38] Additionally, the Court **GRANTS** Plaintiff Jose Castillo's motion to substitute party[39] and **SUBSTITUTES** Plaintiff Jose Castillo as the personal representative of the estate of Felipe G. Castillo as proper plaintiff.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of August 2022.

_____
Micaela Alvarez
United States District Judge

---

[38] Dkt. No. 13.
[39] Dkt. No. 14.